THOMAS LLOYD, Plaintiff, v. WM. P. HULBERT, Defendant.

Where an owner of land dedicates a strip of ground twenty-five feet wide adjoining the land of his neighbor, on condition that his neighbor shall dedicate a like strip from his land, so as to make a street of fifty feet in width, and immediately opens his part of the street to public use, and permits it to be used by the public as a street for eighteen years:

Held, that the condition was waived, and that the dedication had become absolute, although the neighbor had refused to dedicate his part of the street, and that the city council had the right to improve the street as dedicated twenty-five feet in width, and assess the cost of the improvement upon the property abutting thereon.

In GENERAL TERM ON ERROR.—The defendant is the owner of property assessed for the improvement of Maple

street, on which his property fronts. The defense is that Maple street is not legally a street over which the city has any control; besides, that the street has never been opened for its full width; and avers that in 1853 J. W. Lawson laid out a subdivision of lots on the south side of said Maple street, and that on the plat of said subdivision Maple street is laid out the width of fifty feet, and only twenty-five feet of said street was dedicated by said Lawson, and that on condition that the street should be fifty feet in width. The defendant further avers that no more ground has been dedicated, and that the street has been opened but twenty-five feet wide, and he therefore denies the power of the city to improve the street and pay for it by assessment.

It appears that Mr. Lawson undertook to dedicate twenty-five feet of ground as part of a fifty-foot street, which was to be one-half on the ground of Hulbert, the defendant, and one-half on the land of Lawson. Lawson opened that part of the street which was on his land, but the defendant has not opened that part which is on his ground, and claims that such a street is an injury to his property.

From the evidence, it further appears that, although in its origin Mr. Lawson dedicated his twenty-five feet as part of a fifty-foot street, he, nevertheless, opened the twenty-five feet, and treated it as a street, and it has been so used since 1853 without objection on his part, and lands have been sold and deeds made by him bounding and abutting upon it as a street.

*Bevan & Dolle*, for plaintiff.

*Henry M. Cist*, for defendant.

TAFT, J. We think that dedicating the twenty-five feet as a street eighteen years ago, and opening it, is evidence of an absolute dedication; and if there were any

implied condition by describing it as part of a fifty-foot street, such condition was long since waived by actually opening the street without requiring the dedication of the other twenty-five feet.

This dedication was so long ago as to be complete, without any formal acceptance by ordinance. It had, as we think, been accepted before the enactment of the law, which required the acceptance of a dedication by ordinance. The street, therefore, was a public street within the control of the city, and, as such, a proper subject of improvement by grading and paving. This is according to a decision of this court made several years since in the case of *Wilby* v. *Bonte.* Indeed, it was the duty of the city to improve it. The assessment appears to have been legal, and we see no reason to disturb the finding or judgment of the court at Special Term.

Judgment affirmed.